1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SACRAMENTO KINGS LIMITED
     PARTNERSHIP, L.P.,

11
                Plaintiff,              No. CIV S-10-3210 WBS GGH
12
           vs.
13

14   M-F ATHLETIC COMPANY, INC. dba
     PERFORM BETTER LEDRAPLASTIC
15   S.P.A., et al.,
                                                  ORDER
16              Defendants.

17   _____/

18          The parties have sought to have the court sign a protective order where documents

19   designated by the parties as  "confidential," or "highly confidential" are automatically filed under

20   seal.  See Paragraph 10.  Some protective orders enable the parties to designate so much material

21   as "confidential" that, in essence, entire case filings are sealed.  The protective order submitted

22   by the parties has the same potential problem.  This court will not approve a protective order

23   giving blanket authority to the parties to designate what shall be filed under seal.[1]

24   \\\\\

25

26       [1] E.D. Cal. L.R. 140 and 141 deal with procedures to seal and not with the substantive
     standards for sealing.

1

1          Discovery information disclosed in court filings generally is available to the

2    public.  See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th

3    Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a

4    court order to the contrary, presumptively public").[2]

5          Protective orders safeguard the parties and other persons in light of the otherwise

6    broad reach of discovery.  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).  The

7    court has great discretion to issue protective orders if discovery causes annoyance,

8    embarrassment, oppression, undue burden, or expense.  B.R.S. Land Investors v. United States,

9    596 F.2d 353, 356 (9th Cir. 1979).  Good cause, however, is required to obtain a protective order.

10   Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.

11   2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the

12   public can gain access to litigation documents and information produced during discovery unless

13   the party opposing disclosure shows 'good cause' why a protective order is necessary").

14          "Good cause" to bar the public from litigation documents must be more than

15   mere desire.  The party seeking protection must show specific prejudice or harm, including, with

16   respect to individual documents, particular and specific need.  Id.; San Jose Mercury News, Inc.,

17   187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure

18   Before Trial § 11:88.  "If a court finds particularized harm will result from disclosure of

19   information to the public, then it balances the public and private interests to decide whether a

20   protective order is necessary."  Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v.

21   Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

22          Indeed, when a protective order seeks to protect judicial records in dispositive

23   matters from public scrutiny, a higher "compelling reasons" standard applies – even "good

24

25          [2] A party may have the right to protect from public disclosure information which has
     been produced to the other party only because of discovery and which has not been filed with the
26   court.  Seattle Times v. Rhinehart, 467 U.S. 20, 33, 37, 104 S. Ct. 2199, 2207, 2209 (1984).

1 | cause" is insufficient.  <u>Pintos v. Pacific Creditors Ass'n.</u>, 605 F.3d 665, 678 (9th Cir. 2010).

2 |    Accordingly, if the parties desire a protective order to be filed in this court, the

3 | parties shall submit a protective order which permits a filing under seal only upon a

4 | particularized showing of good cause, or if the information sought to be protected is to be used in

5 | potentially dispositive matters, a showing of compelling reasons.

6 |    Furthermore, the parties are advised that any confidential material filed with the

7 | court, sealed or otherwise, will not be returned at the conclusion of the litigation.

8 |    Procedurally, the parties must comply with E. D. Local Rules 141 and 141.1

9 | regarding the sealing of documents.

10 |    IT IS SO ORDERED.

11 | Dated: January 4, 2012

12 |         /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

13 |

14 | GGH:076
SacKings3210.po.den.wpd

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |