UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SACRAMENTO KINGS LIMITED PARTNERSHIP, L.P., | NOS. CIV. 2:10-3210 WBS GGH CONSOLIDATED ACTIONS |
| Plaintiff, | <u>ORDER RE: REQUEST TO SEAL</u> |
| v. | |
| M-F ATHLETIC COMPANY, INC. dba PERFORM BETTER, LEDRAPLASTIC S.p.a. and BALL DYNAMICS INTERNATIONAL, LLC, inclusive, | |
| Defendants. | |
| FRANCISCO GARCIA, | |
| Plaintiff, | |
| v. | |
| M-F ATHLETIC COMPANY, INC., dba PERFORM BETTER; LEDRAPLASTIC S.p.a; BALL DYNAMICS INTERNATIONAL, LLC, and DOES 1-10, | |
| Defendants. | |

1

AND RELATED CROSS-ACTIONS.

----oo0oo----

Defendants Ball Dynamics International, LLC and M-F Athletic Company, Inc., filed a motion for summary judgment and, pursuant to Eastern District Local Rule 141, request that the court seal the entirety of defendants' Notice of Motion, their memorandum in support of their motion, their separate statement of undisputed facts in support of their motion, and all exhibits filed in support of their motion. Defendants represent that their request is in accordance with the Stipulated Confidentiality Agreement and Protective Order that the parties filed and Magistrate Judge Hollows signed.

"At common law, there is a strong presumption in favor of access to information filed with a court." In re. Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 430 (9th Cir. 2011) (internal quotation marks omitted). "This right is justified by the interest of citizens in keep[ing] a watchful eye on the workings of public agencies" and "[s]uch vigilance is aided by the efforts of newspapers to publish information concerning the operation of government." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks and citations omitted) (first alteration in original).

"[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments . . . because the resolution of a dispute on the merits, whether by trial or

summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Id. (internal quotation marks omitted).

"To overcome the presumption, a party seeking to seal a judicial record must demonstrate not just good cause, but compelling reasons, or sufficiently important countervailing interests."  In re. Roman Catholic Archbishop of Portland in Or., 661 F.3d at 430 (internal quotation marks and citation omitted). "Generally speaking, compelling reasons exist when court records 'might have become a vehicle for improper purposes,' such as to gratify private spite, promote public scandal, commit libel, or release trade secrets." Id. (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana, 447 F.3d at 1179.  Nor is it sufficient that parties may have entered into a protective order. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003) ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion.  The . . . 'compelling reasons' standard continues to apply.") (internal citation omitted).

Defendants' flagrantly broad request to seal the entirety of its motion for summary judgment--including the mere fact that such a motion was filed--falls short of the heightened showing required to seal records in a public proceeding.  In

3

their request to seal, defendants provide only a cursory explanation of why certain exhibits submitted in support of their motion for summary judgment should be sealed.  They do not, however, articulate any compelling reasons supporting their request or explain why every document, including the motion itself, should be hidden from the public.

The proceedings before this court are public and, particularly with the involvement of the Sacramento Kings as a party, the case may be of special interest to the public. Accordingly, the court will deny defendants' request to seal because the request falls well below the requisite showing to keep documents secret, and even if sealing of some portions of the materials is necessary the court is satisfied that a more narrow and appropriate request can be made.

IT IS THEREFORE ORDERED that defendants' request to seal (Docket No. 65) be, and the same hereby is, DENIED without prejudice to defendants making a more narrow request that identifies the specific pages of documents or exhibits that they are entitled to have sealed and articulates the compelling reasons necessitating secrecy.

DATED:  August 14, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE